## STATE SAVINGS ASS'N *v.* HOWARD.

*(Circuit Court, E. D Missouri.* June 8, 1887.)

COURTS—JURISDICTION—CITIZENSHIP.
> Where a person residing with his family, and doing business, in one state, leaves his family at home, and goes to another state, and engages in business there also, and remains for a month, with the intention of subsequently changing his place of residence permanently to the latter state, such temporary residence and intention to remove will not affect his citizenship.

At Law. Plea in abatement.
*Douglass & Scudder,* for plaintiff.
*E. S. Metcalf,* for defendant.

THAYER, J., (*orally.*) In the case of the State Savings Association against W. C. Howard, the point in controversy is as to the residence of the defendant Howard on the seventh of May, 1884, when the suit was brought. The defendant claims to have been a resident of the state of Missouri on that day, and, inasmuch as the plaintiff in the case is a Missouri corporation, he insists that this court has no jurisdiction. On the other hand, the plaintiff contends that the defendant, on the seventh of May, 1884, was a resident of the state of Texas. The facts are that Howard was a resident of the state of Texas, and was engaged in the hotel business in that state, and in various other enterprises, from the year 1877 up to the spring of the year 1884. In February and March, 1884, he came to this city on one or two occasions, with a view of purchasing an interest in the Lindell Hotel. He finally succeeded in purchasing a controlling interest in the stock, and was elected president of that hotel association. Subsequently, on the fifteenth day of April, 1884, he came here from Texas with a gentleman whom he had appointed to be manager of the hotel, and remained here until about the fifteenth of May following, at which time he returned to the state of Texas, and has continued to reside there ever since; has abandoned the hotel enterprise in this city, and, so far as the evidence shows, never came back to this city after his return to Texas, on or about the fifteenth of May, 1884.

Undoubtedly, the defendant might have become a citizen of the state of Missouri by residing in the state from April 15th until May 7th, but that would involve an abandonment of his former residence in the state of Texas, inasmuch as a man cannot be at the same time a citizen of two different states; but in view of the fact that defendant only resided here for about a month, and then went back to Texas, it should be made to appear very clearly that he came here on April 15, 1884, with the intention of taking up his permanent abode in this city from that date, and that he at the same time abandoned his residence in the state of Texas.

The proof in this case is not sufficient to satisfy me that he at any time abandoned his residence in the state of Texas. It shows, on the

contrary, that he never removed his family to this state, or any of his household effects. It furthermore appears that he continued to be engaged in the hotel business at Dallas, in the state of Texas, after the fifteenth day of April, 1884, as well as before, and that he was also interested in other business enterprises in Texas during the whole period of his stay in Missouri.

My impression from the testimony is that on the fifteenth of April, 1884, he did not come to this city with the intention of taking up his permanent abode in this state at that date. I have no doubt that he came here on that occasion for the purpose of putting the hotel enterprise into shape, but with the intention of returning to Texas, and permanently removing to this state, with his family, some time later in the season of 1884. There is testimony in the case to the effect that he made declarations that he would remove his family to the city of St. Louis, and take up his abode here, later in the season.

I accordingly hold that on the seventh of May, 1884, he was a citizen of the state of Texas, and not a citizen of the state of Missouri. The result is, there will be a judgment in favor of the plaintiff, the State Savings Association, on the plea in abatement.